## GENERAL ELECTRIC CO. v. NATIONAL ELECTRIC CO.

(Circuit Court, E. D. Wisconsin. May 12, 1906.)

PATENTS—INFRINGEMENT—ARMATURE CORES.

The Reist patent, No. 508,637, for an armature core built up in sections of laminæ, with separators of thin radial metal ribs to secure ventilation, was not anticipated, and discloses patentable invention and a device of great utility and merit. Claims 2, 4, and 6 also *held* infringed.

In Equity. On final hearing.

On final hearing of bill, alleging ownership of letters patent No. 508,637, issued November 14, 1893, to H. G. Reist for an armature core, and infringement by the defendant company. The patent specifications state that the "invention relates to dynamo electric machines, and imbodies an improvement in the construction of armature cores, whereby ample ventilation is obtained for dissipating the heat generated therein without detriment to the inductive qualities of the core, and without materially increasing the expense of construction." The claims on which the alleged infringement is predicated are numbers 2, 4, and 6 of the patent, which read as follows: "(2) In an armature core in combination, with sections built up of laminæ, of separators consisting of ribs of metal between said sections, and in contact with adjacent laminæ, whereby ventilating space is afforded between the inner and outer surfaces of said core, as described." "(4) In a toothed armature core built up of laminated sections, separators consisting of ribs extending outwardly from the teeth on one of said sections to the corresponding teeth on the adjacent section, whereby said sections are mutually supported, and air passages rad-

ial to the center of said core afforded, as and for the purpose speci-
fied." "(6) An armature core, consisting of layers of laminæ built up in
sections or bundles, and pronged or skeleton separators attached to an
outside lamina of each of said sections, whereby ventilating space is provided
between adjacent sections, as described." The main defense, if not the only
one, is anticipation and want of patentable invention, although noninfringe-
ment is also urged in the argument and briefs.

Richardson, Herrick & Neave, for complainant.
Charles A. Brown, for defendant.

SEAMAN, Circuit Judge (after stating the facts). The oral argu-
ment at the hearing impressed me strongly in favor of the validity and
great utility of the patent in suit, irrespective of the important considera-
tion that Judge Thompson had reached like conclusion in an adjudica-
tion in the Southern District of Ohio against the Bullock Electric Manu-
facturing Company. 146 Fed. ——. Since the argument I have read
the briefs and the opinion of Judge Thompson, have examined as well
the material testimony, and am convinced that the Reist device was
a marked advance in the art, disclosing the structure for an armature
core which was justly entitled to letters patent. The discussions by
counsel and experts on one side and the other are interesting, both
historically and in the subject-matter, but neither the issues involved
nor the time at my disposal warrant extension of this opinion to review
the various contentions. I deem it sufficient, therefore, to state the
deductions of fact upon which the decree for the complainant is au-
thorized, under my understanding of the evidence.

When Reist entered the field with his device for an armature core in
1893, not only was the great desirability of ventilation for such cores
well recognized, but inventors had made numerous attempts to that end
without success. In each prior device the ventilation was obtained with
such deduction from the capacity of the machine that the device was
worthless for practical use, and the proof is undisputed that for several
years the trade had rejected and abandoned all such devices, so that
unventilated armature cores, with their known tendency to overheating,
were universally used. Nevertheless, the solution by Reist in the patent
means cannot rest patentability on the fact alone of its success where
others had failed in the quest for ventilation, although that fact may be
helpful as one of the tests of invention.

It is true that Reist did not discover the value of wrought iron as
the main element of the armature core, nor the value of lamination to
increase its efficiency, nor division of the laminæ into sections to provide
air spaces, nor am I impressed with the view that he made a "funda-
mental discovery of the principle of ventilation." He was the first,
however, to build up the armature core in sections of laminæ, with
separators of thin radial metal ribs in direct contact with the laminæ,
and so arranged that complete ventilation was provided between the
sections, not only "without detriment to the inductive qualities of the
core," or "increasing the expense of construction," in the language of
the specifications, but with the capacity increased; in other words, his
device avoided the electrical and magnetic difficulties which made the
prior attempts worthless. The several specific means thus employed
in the structure of his core are plainly not present in like combination

in any prior structure in evidence. The approach to it, in several of these devices and in the Richniewski publication of 1892, appears very close in the present light of the Reist disclosure, but each fell short of the true solution for an operative core, and neither, as I view them, introduces an element of novelty which points the way to the Reist consummation. That none of the references constitute anticipations in the sense of the patent law seems to me unquestionable, and I am clearly of opinion that meritorious invention appears in the device as set out in claims 2, 4, and 6, and that each is infringed by the defendant.

The matter brought into the present record which was not in the above-mentioned case against the Bullock Electric Manufacturing Company does not impress me as differentiating the question of the validity and scope of the patent from the view expressed in the opinion of Judge Thompson, and I concur in that view.

Decree will pass accordingly.